■ MICHAEL FITZSIMMONS, Appellant, v SHARON ALEY, Also Known as SHARON FITZSIMMONS, Respondent.—Order unanimously affirmed without costs. Memorandum: Plaintiff's motion for summary judgment on his first cause of action was

properly denied. At issue in this action is the ownership of the parties' jointly owned property located at 4400 Shisler Road in Clarence, New York. The parties entered into a separation agreement which was incorporated into a judgment of divorce. When the separation agreement was executed, plaintiff resided in the Shisler Road property and defendant resided in the marital residence. Plaintiff, in asserting his right to sole ownership of the property, relies on a provision of the agreement which states that "each party shall own, free of any claim or right of the other, all of the items of property, real, personal and mixed, of any kind, nature or description and wheresoever situate, which are now in his or her name, control or possession, with full power to him or her to dispose of the same as fully and effectually in all respects and for all purposes as if unmarried."

While we agree with plaintiff that the provision is clear and unambiguous, we reject his argument that it grants to him ownership of the Shisler Road property. By its terms, the provision cannot apply to jointly-owned real property. We thus conclude that plaintiff failed to show his entitlement to judgment as a matter of law on his first cause of action (see, CPLR 3212 [b]).

We note, however, that plaintiff's second cause of action asserts a claim that the agreement makes no specific reference to the Shisler Road property because the parties were mutually mistaken in believing that plaintiff was the sole owner of the property. Although plaintiff's moving papers included factual averments in support of that cause of action, he did not move for summary judgment thereon and defendant, therefore, was not required to submit evidentiary facts in opposition. Plaintiff should have the opportunity to move for summary judgment on his second cause of action, at which time defendant will be required to submit evidentiary proof in admissible form to refute plaintiff's factual averments.

Finally, we conclude that the court did not err in dismissing plaintiff's third cause of action for lack of specificity (see, CPLR 3016 [c]). The dismissal was without prejudice and plaintiff was granted leave to amend his pleading. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.— Summary Judgment.) Present—Dillon, P. J., Doerr, Balio, Lawton and Davis, JJ.